**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

CITY OF SOCIAL CIRCLE,

Plaintiff,

v.

UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT, et al.

Defendants.

Case No. 3:26-cv-54-TES

**DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS OR IN THE ALTERNATIVE PARTIAL DISMISSAL**

Pursuant to Federal Rules of Civil Procedure 7(b) and 12(b)(1), Defendants move this Court to stay the proceedings in this matter or in the alternative partially dismiss Plaintiff City of Social Circle's Complaint, which challenges the U.S. Immigration and Customs Enforcement's alleged decision to operate an immigration detention center in Social Circle, Georgia.

ICE has determined that it no longer needs the facility in Social Circle and intends to excess the property through the General Services Administration. To conserve the parties' and judicial resources and promote the efficient resolution of this matter, the Court should grant Defendants' request to stay the proceedings in this case for 90 days so that the process for excessing the property can progress. If the Court does not stay this matter, Defendants alternatively move to dismiss Counts II and III of the City's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction.

**BACKGROUND**

Under the Immigration and Nationality Act, the Secretary of Homeland Security is required to detain broad categories of aliens pending removal from the United States and has discretionary authority to detain others. 8 U.S.C. §§ 1225-1231. Given the volume of aliens

residing illegally in the United States, the agency requires ample detention space to comply with obligations under the INA, which the INA entrusts to the Secretary's discretion to arrange for places of detention he deems "appropriate." 8 U.S.C. § 1231(g). Traditionally, ICE entered into intergovernmental service agreements with state or local entities to hold detainees. *See* Compl. ¶¶ 46-47. In fact, the majority of ICE's detention facilities are not owned by ICE. *See id.* But several states have attempted to ban all private detention centers. *See e.g., CoreCivic, Inc. v. Governor of New Jersey*, 145 F.4th 315, 319 (3d Cir. 2025); *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 763 (9th Cir. 2022).

After reassessing its long-term options in light of state and local efforts to ban privately owned detention centers, ICE developed plans to acquire facilities rather than rely almost entirely on contractors for the agency's detention space needs. *See* Compl. ¶¶ 48-50. Earlier this year, ICE purchased various facilities around the country with the intention to operate them as immigration detention centers. *See* Compl. ¶ 49.

In February 2026, ICE purchased a facility in Social Circle, Georgia. Compl. ¶ 59. The agency, however, has since determined that ICE no longer needs some of the recently acquired facilities, including the one in Social Circle at issue here. Ingalsbe Decl. ¶ 6. ICE "currently intends for the General Services Administration ("GSA") to dispose of the facility as excess property." *Id.* In the other four cases involving challenges to ICE's recent acquisition of facilities to convert into detention centers in which ICE changed its plans for the conversion, the parties have agreed to a stay. *See* Exhibit A attached (stipulations for a stay filed and granted in *Michigan v. U.S. Dep't of Homeland Sec.*, No. 2:26-cv-10968-JJCG-EASv (E.D. Mich.); *Salt Lake City v. Mullin*, 2:26-cv-00528-JNP-DBP (D. Utah); *New Jersey v. U.S. Immigration & Customs Enforcement*, No. 2:26-cv-2884-JKS-JBC (D.N.J.); and *Arizona v. Mullin*, No. 2:26-cv-

2857-SMB (D. Ariz.)). Unlike the plaintiffs in those cases, Plaintiff City of Social Circle's position is that "[g]iven the Court's statement that '[n]o further extension will be allowed' (July 24, 2026 Order, Dk. No. 16), Social Circle will not join Defendants' motion for a 60-day stay."

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this "broad discretion" to stay proceedings, courts "must weigh competing interests and maintain an even balance." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Landis*, 299 U.S. at 254. The burden of establishing the need for a stay is not onerous, and courts should grant a request for a stay where the equities warrant, *see Am. Sec. Ass'n, Citadel Sec. LLC v. U.S. Sec. & Exch. Comm'n*, 147 F.4th 1264, 1280 (11th Cir. 2025).

Under Federal Rule of Civil Procedure 12(b)(1), courts must dismiss claims that have no jurisdictional basis. A motion brought under Rule 12(b)(1) can be asserted on either facial or factual grounds. *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n. 5 (11th Cir.2003). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial challenges, the complaint's allegations are taken as true. *Id.* But the burden of establishing that a claim falls within a court's jurisdiction "rests upon the party asserting jurisdiction." *Smith v. United States*, 14 F.4th 1228, 1230 (11th Cir. 2021).

## ARGUMENT

The Court should grant Defendants' Motion for a Stay of Proceedings to conserve resources while ICE takes the steps necessary to excess the Social Circle facility. If the Court

denies Defendants' requested stay, the Court should grant Defendants' alternative requested relief and dismiss Counts II and III of the Complaint for lack of jurisdiction.

### I. Economy of time and effort for the Court, counsel, and litigants supports a stay.

The City's sole challenge in this case is against ICE's use of the Social Circle facility as a detention center. ICE, however, no longer intends to use the Social Circle facility as a detention center and instead plans to excess the property through GSA. *See* Ingalsbe Decl. ¶ 6. In four other cases challenging ICE's decision to convert facilities into detention centers, the plaintiffs have consented to—and the courts have granted—a joint stay of proceedings based on changes in plans for the facilities. *See* Exhibit A. And in a fifth case challenging ICE's use of a facility in El Paso, Texas, the plaintiff moved to dismiss his own claims, citing a news article about the agency's decision to excess the property. *See Starr v. Mullin*, No. 3:26-cv-1037 (W.D. Tex.). But here, the City refuses this approach. The Court should not waste scarce resources on deciding the merits of claims in a case that will likely become moot once the agency disposes of the property.

When deciding a motion to stay, courts generally consider whether (1) the non-movant would be unduly prejudiced, (2) a stay would simplify the issues, and (3) discovery is complete. *See Modulus-X Precision Machining Ltd. v. ModTruss, Inc.*, No. 1:24-cv-04377-ELR, 2025 WL 3255036, at *2 (N.D. Ga. June 17, 2025) (granting stay while related proceedings were before the Trademark Trial and Appeal Board). All three considerations weigh in favor of a stay here.

First, the City will not be unduly prejudiced by a stay, especially because ICE will not be operating the facility as a detention center. The City cannot identify any "prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Because the City's

claims arise under the Administrative Procedure Act, 5 U.S.C. § 706(2), the Court may review only the administrative record compiled by the agency. *See generally Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (quoting *Camp v. Pitts,* 411 U.S. 138, 142 (1973)). Accordingly, the City does not risk losing the opportunity to present evidence or potential witness testimony during a 90-day stay.

Second, a stay would do more than simplify the issues in this case by likely mooting the case or resulting in a stipulated dismissal. Judicial resources would not be wasted on deciding disputes about the administrative record or needlessly deciding the merits of potentially moot claims. In addition to conserving resources, a stay would allow ICE to focus on excessing the very facility that the City seeks to prohibit ICE from operating. "Such a stay 'accord[s] with traditional remedial discretion to account for public interests in designing appropriate relief,' and is 'typically afforded' where the 'public interest is served by providing an opportunity' for the government to address the 'appropriate remedy in the first instance.'" *Am. Sec. Ass'n, Citadel Sec. LLC v. U.S. Sec. & Exch. Comm'n*, 147 F.4th 1264, 1280 (11th Cir. 2025) (granting 60-day stay). "In fact, the benefit of a stay can be so significant that appellate courts have been known to remand a case in order to grant a stay." *PayRange, Inc. v. KioSoft Techs.*, No. 20-cv-24342, 2022 WL 823885, at *3 (S.D. Fla. Mar. 18, 2022); *see Variable Annuity Life Ins. Co. v. Laferrera*, 680 F. App'x 880, 884 (11th Cir. 2017) (concluding that the district court abused its discretion in refusing to grant a stay).

Finally, "[b]ecause this litigation is not well-advanced, a stay is not disfavored." *Modulus-X Precision Machining Ltd.*, 2025 WL 3255036, at *3 (granting stay where parties had exchanged only jurisdictional written discovery). This case is still at the pleadings stage, and

other than the instant motion, the parties have not invested significant resources into litigating the City's claims. Likewise, the Court has not entered a scheduling order setting deadlines for the case to advance. A stay would thus not delay any pending proceedings.

In short, a stay is warranted because ICE no longer intends to operate the facility as a detention center, so the City cannot identify any undue prejudice. Instead, a stay will benefit the parties and the Court by allowing ICE to excess the facility, which will resolve this case. The Court should grant Defendants' Motion and stay this matter for 90 days.

## II. Alternatively, the Court should dismiss Counts II and III because the Court lacks jurisdiction to consider them.

The City brings claims under the National Environmental Policy Act (Count I), the Administrative Procedure Act (Count II), and Georgia's nuisance law (Count III). But the City's claims under the Administrative Procedure Act and Georgia State law fail for lack of jurisdiction and should therefore be dismissed.

Count II of the Complaint fails to state a cognizable claim under the Administrative Procedure Act (APA) because the City does not identify any binding law enforceable by the Court. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action *within the meaning of a relevant statute*, is entitled to judicial review thereof." 5 U.S.C. § 702 (emphasis added). As the Eleventh Circuit has recognized, the APA is not an independent source for seeking relief without a "relevant statute" on which to base a claim. *Sierra Club v. Martin*, 110 F.3d 1551, 1554–55 (11th Cir. 1997) (quoting *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 753 (9th Cir. 1991)). Rather, the APA "merely provides the framework for judicial review of agency action." *Id.* Nonetheless, the City does not cite any other statute in Count II except for a passing reference to NEPA, which is already asserted in Count I. *See* Compl. ¶ 112.

To the extent the City attempts to assert a second NEPA claim for a purported "change" in policy, *see id.*, that claim fails as well. The City does not cite any regulation or even guidance for its allegation that Defendants required a certain level of NEPA review for immigration detention facilities in the past and now do not. *Id.* Put simply, the City's stand-alone APA claim fails because "[t]here is no right to sue for a violation of the APA in the absence of a 'relevant statute' whose violation 'forms the legal basis for [the] complaint.'" *Sierra Club*, 110 F.3d at 1554–55. And the City has not identified in Count II any "relevant statute" or binding law that Defendants supposedly violated. The Court should thus dismiss Count II of the Complaint.

As to Count III, the United States has not waived sovereign immunity to be sued under Georgia's public nuisance statute, Ga. Code Ann. §§ 41-1-2, 41-2-4. *See* Compl. ¶¶ 116-25. "Sovereign immunity generally protects the United States and its agencies against suit." *Smith v. United States*, 14 F.4th 1228, 1230–31 (11th Cir. 2021). Any waiver of sovereign immunity "must be 'unequivocally expressed in statutory text.'" *Id.* (quoting *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290 (2012)). Because the Complaint has no assertion of such waiver, Count III must be dismissed.

Even if the Complaint could be construed to allege waiver of sovereign immunity, the City's nuisance claim is not ripe. The ripeness doctrine is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (concluding that the controversy was not yet ripe because plaintiff "failed to demonstrate that deferring judicial review will result in real hardship" and "further factual

development" would benefit judicial review). The City's nuisance claim is based solely on ICE's *operation* of the facility. *See* Compl. ¶¶ 118-123 (speculating about impacts on the City's wastewater treatment facility and water supply). But ICE no longer intends to operate the Social Circle facility as a detention center. *See* Ingalsbe Decl. ¶ 6. Consequently, the City's public nuisance claim, Count III, is not ripe for judicial review and should be dismissed.

**CONCLUSION**

The Court should stay this case while ICE takes the steps necessary to dispose of the property at issue in this case. As the attached declaration makes clear, ICE does not intend to operate the Social Circle facility as a detention center. A stay would therefore promote the "just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1. Alternatively, if the Court does not grant Defendants' requested 90-day stay, the Court should dismiss Counts II and III of the Complaint because the City has not established subject matter jurisdiction.

Respectfully submitted this 31st day of August 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE, Washington, DC 20002
202-532-3266
krystal-rose.perez@usdoj.gov

*Attorney for Defendants*