**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Municipal Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,<br><br>Defendants. | **STIPULATED ORDER STAYING CASE**<br><br>Civil No. 2:26-cv-00528-JNP-DBP<br><br>Chief Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on the parties' Joint Stipulated Motion to Stay Proceeding. In light of Defendants' intention to no longer convert the Salt Lake Facility into an immigration detention facility and to instead designate the facility as excess property for disposition by the General Services Administration ("GSA"), the Parties' stipulation, and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. This case is **STAYED FOR SIXTY DAYS**. The stay will automatically lift (a) after the parties file the joint status report called for in paragraph 2 below, or (b) upon the request of either party, if Defendants' intentions for the Salt Lake Facility change.

2. **WITHIN SIXTY DAYS OF THIS ORDER,** the parties shall file a status report that includes (a) the status of the property's excision and additional steps that might occur to effectuate that process; and (b) proposed next steps for the litigation.

3. Defendants **SHALL NOT** take any action to convert the Salt Lake Facility into an immigration detention center during the stay.

DATED this 20 August 2026.

Dustin B. Pead
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN, CITY OF ROMULUS,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, TODD M. LYONS, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement.

Defendants.

No. 2:26-cv-10968

HON. JONATHAN J.C. GREY

MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

______________________________________________/

**STIPULATED ORDER STAYING CASE**

In light of Defendants' intention to no longer convert the Romulus Warehouse into an immigration detention facility and to instead designate the warehouse as excess property for disposition by the General Services Administration ("GSA"), the parties agree this case should be stayed while Defendants complete the requisite procedures to effectuate the excession of the property.

**NOW, THEREFORE, THE PARTIES STIPULATE AND THE COURT ORDERS** as follows:

1. This case is **STAYED FOR SIXTY DAYS**. The stay will automatically lift (a) after the parties file the joint status report called for in paragraph 2 below or (b) upon the request of either party, if Defendants' intentions for the Romulus Warehouse change.

2. **WITHIN SIXTY DAYS OF THIS ORDER,** the parties shall file a status report that includes (a) the status of the property's excession and additional steps that might occur to effectuate that process; and (b) proposed next steps for the litigation.

3. Defendants **SHALL NOT** take any action to convert the Romulus Warehouse into an immigration detention center during this stay.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

Date: July 7, 2026

The parties stipulate to the entry of this order:

Dated: July 6, 2026

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
U.S. Department of Justice
Environment & Natural Resources Division

KRYSTAL-ROSE PEREZ
*Trial Attorney* (TX #24105931)
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 532-3266
krystal-rose.perez@usdoj.gov

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

BENJAMIN MARK MOSS
*Acting Senior Counsel*

JEFFREY ALDERETTE
*Trial Attorney*

/s/ *David J. Byerley (with Permission)*
DAVID J. BYERLEY
D.C. #1618599
*Senior Litigation Counsel*
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
202-532-4523
david.byerley@usdoj.gov

*Attorneys for Defendant*

/s/ *Benjamin Houston*
Neil Giovanatti (P82305)
Benjamin Houston (P76733)
Assistant Attorneys General
Attorneys for Plaintiff State of Michigan
Michigan Dep't of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7622

/s/ *David F. Greco (with Permission)*
David F. Greco (P53523)
Attorney for Plaintiff City of Romulus
Greco Law PLLC
143 Cadycentre #164
Northville, MI 48167
(248) 380-1975
David.Greco@Greco-Law.com

GiovanattiN@michigan.gov
HoustonB1@michigan.gov

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE OF NEW JERSEY and TOWNSHIP OF ROXBURY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Hon. Jamel K. Semper, U.S.D.J.<br>Hon. James B. Clark, U.S.M.J.<br><br>Civil Action No.: 26-02884 |

**ORDER AND JOINT STIPULATION TO STAY ADJUDICATION OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs State of New Jersey and Township of Roxbury and Defendants United States Immigration and Customs Enforcement (ICE); United States Department of Homeland Security (DHS); Markwayne Mullin, in his official capacity as Secretary of Homeland Security; and Todd M. Lyons, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement, (collectively, "the parties"), by and through counsel of record, hereby agree and stipulate as follows:

**WHEREAS**, Plaintiffs filed the Complaint in this action (ECF No. 1) on March 20, 2026, challenging Defendants' decision to establish an immigration detention facility at 1879 Route 46, Roxbury, New Jersey, currently the site of a vacant industrial warehouse (the "Roxbury Warehouse");

**WHEREAS**, on April 7, 2026, Plaintiffs noticed their intent to move for a Preliminary Injunction on May 15, 2026 (ECF No. 10), that would enjoin Defendants from proceeding with any activities to convert the Roxbury Warehouse into an immigration detention facility, and from operating the Roxbury Warehouse as an immigration detention facility, during the pendency of this litigation;

**WHEREAS**, Plaintiffs' motion for preliminary injunctive relief is based on their allegations that Defendants' proceeding with such conversion activities or operations without first conducting certain environmental reviews under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347, and without first consulting with State and local entities under the Intergovernmental Cooperation Act (ICA), 31 U.S.C. §§ 6501–6508, would be contrary to law, *see* ECF No. 10-1; ECF No. 1 (Complaint Counts I and II);

**WHEREAS**, Defendants filed their Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 26) on April 23, 2026, and attached to their Response the Declaration of Andrew J. DeGregorio (ECF. No. 26-1), in which Mr. DeGregorio attests that "ICE will be conducting further NEPA analysis as to the

retrofitting of the warehouse for detention prior to proceeding with any construction for that purpose, which will include an Environmental Assessment (EA) pursuant to NEPA";

**WHEREAS,** Plaintiffs have conferred with Defendants, and Defendants have confirmed, represented, and agreed that the activities they will engage in at the Roxbury Warehouse prior to completion of a final EA addressing conversion of the warehouse to a detention facility and issuance of a decision document relying on that final EA are certain measures for purposes of site security and maintenance described in paragraph 4;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the parties, through their respective counsel, subject to the Court's approval, that:

1. Consideration of Plaintiffs' pending Preliminary Injunction Motion (ECF No. 10) is stayed.

2. Within seven days of Defendants' notifying Plaintiffs of the issuance of the agency decision document that relies on a final EA addressing conversion of the warehouse into a detention facility, the parties shall confer and submit a joint status report to the Court proposing a schedule for future proceedings, including the filing of any amended complaint and renewed motion for preliminary injunction.

3. From the date of this stipulation until the end of the seven-day period following issuance of the agency decision document described in paragraph 2, Defendants shall not undertake any activities at the Roxbury Warehouse site for purposes of converting it into a detention center other than those identified in paragraph 4. Further, if Plaintiffs advise Defendants within seven days of issuance of the agency decision document that they intend to file a renewed motion for a preliminary injunction, Defendants shall not undertake any activities at the Roxbury Warehouse site for purposes of converting it into a detention center other than those identified in paragraph 4 until 30 days after Plaintiffs file their renewed motion for a preliminary injunction.

4. Nothing in this Joint Stipulation prohibits the following activity: installing temporary fencing that does not extend beyond the current footprint of the Roxbury Warehouse, does not extend into the conservation easement area without the State's approval, and does not involve any ground disturbance; installing security cameras and lighting around the perimeter as needed and depicted on page 4 of Defendants' Opposition brief, ECF No. 26, and arranged to reflect light away from adjoining streets and properties to the extent practicable; installing security signage at all access points and at intervals along the fencing as necessary; installing a building security alarm system, which includes temporary CCTV coverage with security

trailers that have cameras and lighting; changing the locks and ensuring access control and intrusion alarm system remain operational; maintenance of HVAC operations and electrical services; exercising of plumbing valves and backflow prevention testing/certifications; monitoring and inspection of fire alarm and sprinkler systems; maintaining limited custodial services including cleaning, dusting, and garbage removal; lawncare and grounds maintenance not within the easement area unless coordinated with the State; maintenance of the facility structure and envelope solely to prevent leaks, breaches, and pest intrusion and to ensure roof, walls, and doors remain secure; and continued environmental and safety compliance with EPA, OSHA, and local regulations; all of which—for the avoidance of doubt—would be done in a manner that does not encroach upon the easement area (without State permission) or involve a ground disturbance.

**IT IS SO STIPULATED.**

[Signature Page Follows]

**JENNIFER DAVENPORT**
ATTORNEY GENERAL OF NEW JERSEY
By: /s/ *Shankar Duraiswamy*
Jeremy M. Feigenbaum
*Solicitor General*
Shankar Duraiswamy
*Deputy Solicitor General*
Naima Drecker-Waxman
Yael N. Fisher
Viviana M. Hanley
Kristen D. Heinzerling
Kristina L. Miles
Lauren E. Van Driesen
*Deputy Attorneys General*
25 Market Street
Trenton, NJ 08625
Lauren.VanDriesen@law.njoag.gov
(609) 696-5366

*Attorneys for the State of New Jersey*

**MURPHY MCKEON, PC**
By: /s/ *James Bryce*
James Bryce
901 Route 23 2nd Floor
Pompton Plains, New Jersey 07444
jbryce@murphymckeonlaw.com
(973) 835-0100

*Attorneys for the Township of Roxbury*

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
By: /s/ *Krystal-Rose Perez*
Krystal-Rose Perez
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
krystal-rose.perez@usdoj.gov
(202) 532-3266

*Attorney for Defendants*

IT IS SO ORDERED on this 12th day of May, 2026

**Honorable Jamel K. Semper**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

State of Arizona, et al.,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-02857-PHX-SMB

**STIPULATED ORDER STAYING CASE AND DEFERRING PRELIMINARY INJUNCTION BRIEFING**

Pursuant to the Joint Stipulated Motion to Stay Case and Defer Preliminary Injunction Briefing (Doc. 18),

WHEREAS Plaintiff filed the Complaint in this action (Doc. 1) on April 24, 2026, challenging Defendants' actions concerning property located at 13290 West Sweetwater Avenue in Surprise, Arizona (the Surprise Facility);

WHEREAS, Plaintiff State of Arizona has conferred with Defendants about Plaintiff's intention to file a preliminary injunction motion, seeking an order enjoining Defendants from (1) taking actions to convert the Surprise Facility into an immigration detention facility, and (2) detaining individuals at the Surprise Facility;

WHEREAS Plaintiff's intended motion would be based, in part, on allegations that Defendants have proceeded with actions concerning the Surprise Facility without first completing additional environmental review under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347.

WHEREAS Defendants have advised Plaintiff that Defendants have entered into a

consolidated contract that includes, among other things, performance obligations related to NEPA analysis up to the level of an environmental assessment (EA) addressing the proposed retrofitting and use of the Surprise Facility as an immigration detention center and potential future work concerning the Surprise Facility; and

WHEREAS Defendants agree that, except as provided below in paragraphs 4 and 5, they will neither detain any individuals at the Surprise Facility nor take any action to convert the Surprise Facility into an immigration detention center, including triggering performance obligations under the consolidated contract to initiate construction, demolition, retrofitting, or physical changes, before completion of a final EA and issuance of an associated decision document, or completion of a final environmental impact statement (EIS) and issuance of a Record of Decision (ROD) if Defendants determine that an EIS is necessary, addressing the retrofitting and use of the Surprise Facility as an immigration detention center.

**Now, therefore, the parties stipulate and the Court orders as follows:**

1. Defendants' deadline to answer or otherwise respond to the Complaint is held in abeyance pending further order of the Court.

2. Absent a breach of the terms of this Order or a material change in circumstances, Plaintiff will not file a motion for a preliminary injunction or motion for a temporary restraining order until after the filing of the joint status report called for in paragraph 3 below.

3. Within ten days of Defendants providing Plaintiff a copy of the agency decision document that relies on a final EA addressing the retrofitting and use of the Surprise Facility as an immigration detention center, or a final EIS and ROD if Defendants determine that an EIS is necessary, the parties shall confer and submit a joint status report to the Court proposing a schedule for future proceedings, including the filing of any amended complaint, motion for a preliminary injunction, or responsive pleading.

4. From the date of this stipulated order until the end of the ten-day period reflected in paragraph 3 above, Defendants shall not detain any individual at the Surprise

Facility or take actions to convert the Surprise Facility into an immigration detention center, including triggering performance obligations under the consolidated contract to initiate construction, demolition, retrofitting, or physical changes, except as provided below in paragraph 5. Further, if Plaintiff advises Defendants within the ten-day period reflected in paragraph 3 that Plaintiff intends to file a motion for a preliminary injunction, Defendants shall not take actions to convert the Surprise Facility into an immigration detention center, except as provided below in paragraph 5, until twenty-one (21) days after Defendants provide Plaintiff with a copy of the final EA, or until the Court issues an order allowing such activities, whichever is earlier.

5. Nothing in this stipulated order prohibits Defendants from preparing an EA or conducting related NEPA analysis, design, planning, engineering, inspections, studies, surveys, testing, due diligence, utility coordination, permitting or approval work, communications with utilities or government entities, contract administration, procurement activity, or contract modification, provided that Defendants do not detain individuals at the Surprise Facility or undertake physical conversion work except as otherwise permitted by this Order. Nothing in this Order prohibits physical activities that are not undertaken to convert the Surprise Facility into an immigration detention center, including but not limited to: installation, repair, maintenance, or replacement of temporary or permanent fencing, including temporary fencing that does not involve ground disturbance; installing, repairing, maintaining, or replacing security cameras, lighting arranged to not direct light towards adjoining streets and properties, security signage at access points and around the property, access-control measures, building security alarm systems, temporary CCTV coverage with security trailers, locks, intrusion-alarm systems, and guard shacks; fire-alarm and sprinkler-related monitoring, inspection, repair, remediation, or maintenance, including water-damage remediation and replacement or repair of damaged interior or exterior building components; ordinary maintenance and repair of the roof, exterior walls, windows, doors, HVAC, electrical, plumbing, fire-alarm, sprinkler, security, access-control, and related building systems,

including installation of additional HVAC units as necessary given the climate; exercising plumbing valves, and conducting backflow-prevention testing and certifications; custodial services, including cleaning, dusting, garbage removal, and trash removal; gardening and grounds maintenance; pest control; maintaining the facility structure and envelope to prevent leaks, breaches, and pest intrusion, including ensuring that the roof, walls, windows, and doors remain secure; interior drywall demolition and reconfiguration of office space solely for administrative, security, property-management, or environmental-review support purposes, and not for detainee housing, intake, processing, medical, kitchen, recreation, visitation, or detention operations; installation of protective ballistic film over existing windows for site-security purposes; and environmental, workplace-safety, and facility-safety compliance, including compliance with applicable EPA and OSHA requirements. For avoidance of doubt, the foregoing list is intended to be illustrative, and activities not included on this list are not prohibited by this Order so long as they are not undertaken to convert the Surprise Facility into an immigration detention center or to detain individuals there.

6. Defendants shall file a status report with the Court sixty days after entry of this Order, and every sixty days thereafter until completion of the final EA and associated decision document, or final EIS and ROD if Defendants determine that an EIS is necessary, reflecting the status of the environmental-review process.

Dated this 8th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge